Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: (866)633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TENLEY HARDIN, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| MESSAGE COMMUNICATIONS, INC. and DOES 1 through 10, inclusive, and each of them, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendants. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| | 3. CALIFORNIA PENAL CODE § 632.7 [CLASS CLAIM] |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, TENLEY HARDIN ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Plaintiff brings this action individually and others similarly situated

seeking damages and any other available legal or equitable remedies resulting from the illegal actions of MESSAGE COMMUNICATIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), and for recording Plaintiff on Plaintiff's cellular phone without her knowledge or consent, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff' privacy.

## JURISDICTION & VENUE

2.  Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, resident of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.  Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4.  Plaintiff, TENLEY HARDIN ("Plaintiff"), is a natural person residing in Venice, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.  Defendant, MESSAGE COMMUNICATIONS, INC. ("Defendant"), is a marketing company and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.  The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the

Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around April 2018, Defendant contacted Plaintiff on her cellular telephone, number ending in -2480, in an effort to sell or solicit the services of its client Quick Capital Funding, LLC.

9. Defendant utilized a prerecorded voice message when calling Plaintiff, and initiated the call utilizing an automated telephone dialing system, which dials campaigns from a list of phone numbers that it purchases from third party data aggregators and lead generators. The prerecorded message was a form of voice broadcasting, which involved a "Press 1" IVR.

10. Defendant advertises itself as a prerecorded messaging platform, which provides access to its clients to over 220 million numbers across the United States to call. These numbers are complete with name and address information. Clients can access these calls through a web portal. The system sends out a high volume of calls on an automated basis for various clients, but all calls made are made from Defendant's lists, and all calls utilize the same prerecorded voice broadcasting platform, which is an automatic telephone dialing system.

11. While Defendant advertises that it scrubs the outbound dial list against the National Do Not Call List, Plaintiff alleges that Defendant does not scrub the outbound dial list for cellular phones, and also illegally uses a pre-recorded voice to send solicitation messages to residential landlines without prior express written consent. Defendant does not implement appropriate, widely available, and reasonable protocols to avoid such violations of federal privacy rights. Defendant thus, sends pre-recorded solicitation messages without prior express consent both to residential lines and to cell phones, and thus its standard policy and practice violates two provisions of the Telephone Consumer Protection Act:

- It is unlawful: "(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system **or** an artificial or prerecorded voice...(iii) to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).
- It is also unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

12. Plaintiff asserts that Defendant's policy and practice of placing solicitation calls in this manner meets the requirements of F.R.C.P. 23. See *Makaron v. Enagic USA, Inc.*, 324 F.R.D. 228 (C.D. Cal. March 13, 2018). Thousands, if not millions of the phone numbers that are called by Defendant are placed either to cell phones or residential landlines, and Defendant does not take proper precautions to ensure that this does not happen, resulting in widespread harassment and invasions of privacy of consumers nationwide. Defendant masks its identity in the calls by using spoofing technology, and by never directly

identifying itself in the messages, which are forwarded to its various clients.

12. Unlike many dialing platforms which merely provide dialing technology to be used by a client at their own discretion, Defendant is directly liable for the calls at issue, because Defendant initiates calls using its automated prerecorded voice technology, and also because Defendant determines which numbers are to be called from its lists of numbers on behalf of all of its clients.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

15. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone numbers, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendants continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones. See *Raffin v. Medicredit, Inc.*, 2017 WL 13174 (C.D. Cal. Jan. 3, 2017); *Raffin v. Medicredit,*

*Inc.*, 2016 WL 7743504 (C.D. Cal. Dec. 19, 2016); *Zaklit v. Nationstar Mortgage LLC*, 2017 WL 3174901 (C.D. Cal. July 24, 2017)

17. During the aforementioned phone call, Defendant secretly recorded Plaintiff, on her cellular phone, without her knowledge or consent.

18. At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the outset of these telephone calls.

19. At no point did Plaintiff have a reasonable expectation that the call with Defendant, that was initiated by Defendant, was being recorded.

20. It is Defendants' pattern and practice to record outbound calls made to California residents. Defendant advertises on its website in a video that plays on its home page that every single phone call it places for a client is recorded from beginning to end. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded.

## CLASS ALLEGATIONS

21. Plaintiff brings this action individually and on behalf of all others similarly situated ("The Class").

22. Plaintiff represents, and is a member of, "The Class" defined as follows:

### TCPA CLASS:

All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

### CIPA CLASS:
All individuals who, within one year of the filing of this Complaint, while physically present in California and using a cellular device, participated in a telephone

        conversation which was recorded by Defendant and/or its agent, who were recording the conversation without first informing the individual that the conversation was being recorded.

23. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff are informed and believe and thereon allege that The Class includes thousands of members. Plaintiff allege that The Class members may be ascertained by the records maintained by Defendant.

26. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members. *Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037 (9th Cir. 2017). Defendant also illegally recorded Class Members' telephone communications without knowledge or consent, which is an "affront to human

1 dignity." *Raffin v. Medicredit, Inc.*, 2016 WL 7743504 (C.D. Cal. Dec. 19, 2016)

27. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any residential or cellular telephone number;

    b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation;

    c. Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring calls;

    d. Whether Defendant discloses to callers and/or obtains their consent that their telephone conversations were being recorded, eavesdropped upon and/or monitored;

    e. Whether Defendant's policy of recording, eavesdropping upon and/or monitoring calls constituted a violation of California Penal Code § 632.7;

    f. Whether Plaintiffs and The Class were damaged thereby, and the extent of damages for such violations; and

    g. Whether Defendants should be enjoined from engaging in such conduct in the future.

28. As a person that received calls from Defendant using an automatic

**CLASS ACTION COMPLAINT**
**-8-**

telephone dialing system or an artificial or prerecorded voice, without Plaintiff' prior express consent, and whose calls were recorded without knowledge or consent, Plaintiff is asserting claims that are typical of The Class.

29.  Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

30.  A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

31.  The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

32.  Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

# FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.**

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

35. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

36. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.**

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

39. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

40. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
**VIOLATION OF PENAL CODE § 632.7**

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

43. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

44. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

45. Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

...

46. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

47. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

48. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

49. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

A. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

B. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiffs and each member of The Class;

C. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

D. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request

treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;

  E. That the Court preliminarily and permanently enjoin Defendant from using prerecorded voice and ATDS technology to place telephone calls without utilizing proper scrubbing methods and/or gathering prior express consent;

  F. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiffs and The Class;

  G. For costs of suit;

  H. For prejudgment interest at the legal rate; and

  I. For such further relief as this Court deems necessary, just, and proper.

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and The Class members the following relief against Defendant

  A. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

  B. For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

  C. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the Class;

  D. Injunctive relief in the form of an order prohibiting Defendants from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.

  E. That the Court preliminarily and permanently enjoin Defendants from overhearing, recording, and listening to each and every oncoming and outgoing

telephone conversation with California resident, including Plaintiff and the Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and the Class.

    F.    For general damages according to proof;

    G.    For costs of suit;

    H.    For prejudgment interest at the legal rate;

    I.    For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

    J.    For such further relief as this Court deems necessary, just, and proper.

Respectfully Submitted this 18th day of March, 2019.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                By:   /s/ Todd M. Friedman
                        Todd M. Friedman
                        Law Offices of Todd M. Friedman
                        Attorney for Plaintiff